UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00205-TBR

CHRISTOPHER HAWKSLEY                                         PLAINTIFF

v.

WELTMAN, WEINBERG & REIS CO., P.S.C.                        DEFENDANT

### Memorandum Opinion and Order

This case is before the Court upon Defendant Weltman, Weinberg & Reis Co., P.S.C.'s (WWR) motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6). [DN 8.]   Plaintiff Christopher Hawksley has responded, [DN 10], and WWR has replied, [DN 13].   Additionally, Hawksley filed a sur-reply and supplemental authority, [DN 16; DN 20; DN 22], to which WWR responded and objected, respectively, [DN 19; DN 21; DN 23].   Fully briefed, this matter is ripe for adjudication.

WWR's motion requires the Court to answer two narrow, related questions. First, can a debt collector violate the Fair Debt Collection Practices Act (FDCPA) by failing to follow the proper state procedure to recover its costs before filing a judgment lien, when a state court judgment previously awarded the debt collector its costs?   Second, can a debt collector violate the FDCPA by including in its costs a lien recording fee that was not recoverable under state law, when state law was unclear as to whether the fee was recoverable at the time the lien was filed?   As explained below, at least at this stage of the case, the answer to both questions is yes.   Therefore, WWR's motion to dismiss [DN 8] must be DENIED.

## I. Facts and Procedural History

The salient facts of this case, taken from Hawksley's complaint and the relevant state court documents, are not seriously disputed by the parties. In late 2014, Capital One Bank, represented by WWR, filed suit against Christopher Hawksley in Bullitt County, Kentucky District Court to collect a debt. [DN 1 at 1.] WWR moved for and obtained summary judgment against Hawksley "for the principal balance of $3,235.77, plus its court costs incurred herein" on September 17, 2015. [DN 1-1 at 2.] Shortly thereafter, on October 13, WWR filed a "Notice of Judgment Lien on Real Estate" in Bullitt District Court. [DN 1-2 at 2.] WWR's judgment lien listed the following amounts owed:

| | |
|---|---|
| Total judgment amount as of October 07, 2015: | $3362.27 |
| Principal amount: | $3235.77 |
| Accrued interest: | $0.00 |
| Interest rate: | 0.000% |
| Costs: | $126.50 |
| Attorney fees: | $0.00 |

[*Id.*] Hawksley objected, claiming that WWR's "costs" included a $13.00 lien recording fee that was not recoverable by statute or rule. The Bullitt District Court agreed, and in a November 5 order, held that "[t]he allowable costs pursuant to the bill of costs filed by Plaintiff are $73.50 for the filing fee and $40.00 for fees incident to service of process, with the total costs to be paid by Defendant being $113.50." [DN 1-3 at 2.] The court directed WWR to either release the judgment lien or filed an amended lien consistent with the court's order. [*Id.*]

Instead, on November 12, WWR filed a motion to alter, amend, or vacate the district court's November 5 order. [DN 8-2 at 1.] WWR claimed that despite the

2

court's earlier ruling, the $13.00 lien recording fee was in fact properly taxable as a cost under Kentucky law.  *See generally* [*id.*]  After briefing, the Bullitt District Court denied WWR's motion on January 25, 2016.  [DN 8-5 at 1.]  Accordingly, on February 3, WWR mailed a release of judgment lien to the district court clerk, and then filed a new lien that did not include the $13.00 recording fee.  [DN 8-6 at 1; DN 8-7 at 1.]

Hawksley filed the instant suit, alleging that WWR's actions violated the Fair Debt Collection Practices Act.  Particularly, Hawksley claims that "[t]he Lien filed by [WWR] on Capital One's behalf was improper and in violation of the FDCPA because a lien filing fee is not a recoverable cost under Kentucky [law]," and that "[e]ven if lien filing fees were recoverable . . . [WWR] did not file the bill of costs as required by CR 54.04."  [DN 1 at 2.]  According to Hawksley, these two actions violate seven separate provisions of the FDCPA.  [*Id.* at 9-10.]  He seeks statutory and actual damages under 15 U.S.C. § 1692(k) and asserts his claims on behalf of all similarly-situated Kentucky consumers.  [*Id.* at 10; *id.* at 6-9.]

WWR moved to dismiss Hawksley's complaint, arguing that under Federal Rule of Civil Procedure 12(b)(6), the allegations in his complaint fail to establish any violations of the FDCPA as a matter of law.  *See* [DN 8.]  Following several rounds of briefing, WWR's motion is now ripe for adjudication.

## II. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to survive a

motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

### III. Discussion

Hawksley advances two theories of FDCPA liability against WWR, both of which may eventually entitle him to relief in this case. Although WWR never lost its ultimate entitlement to collect its costs from Hawksley, WWR did not follow the proper state procedure laid out in Kentucky Rule of Civil Procedure 54.04(2). Similarly, WWR included a potentially unrecoverable lien recording fee in its judgment lien. Taking as true Hawksley's allegations, both these actions could constitute violations of the FDCPA. Therefore, Hawksley's claims need not be dismissed.

The Fair Debt Collection Practices Act is an "extraordinarily broad" statute passed by Congress "to address the widespread and serious national problem of debt collection abuse." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)). "The FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent, and does not have to have suffered actual damages." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 448-49 (6th Cir. 2014) (internal citations omitted). Rather, to prevail on an FDCPA claim, a plaintiff must establish four elements: (1) the plaintiff must be a "consumer" as defined by the FDCPA; (2) "the debt must arise out of transactions that are primarily for personal, family or household purposes"; (3) the defendant must be a "debt collector" as defined by the FDCPA; and (4) the "defendant must have violated one of the specific statutory provisions regarding debt collection communication and/or activity." *Wallace v. Manley Deas Kochalski LLC*, Civil Action No. 3:13-CV-00031-H, 2013 WL 3338687, at *2 (W.D. Ky. Jul. 2, 2013) (citing *Wallace v. Wash. Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012) (internal quotation marks omitted). If the plaintiff establishes these elements, 15 U.S.C. § 1692k permits him to recover statutory or actual damages, along with costs and attorney's fees.

In its motion, WWR does not dispute that Hawksley has plausibly alleged the first three elements. Rather, it contends that Hawksley's allegations, taken as true, do not amount to FDCPA violations. Hawksley claims that WWR violated seven separate subsections of 15 U.S.C. §§ 1692e and 1692f. *See* [DN 1 at 9-10.]

5

Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." It then provides a nonexclusive list of actions that may violate FDCPA, including: "[t]he false representation of . . . the character, amount, or legal status of any debt[,] or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt," 15 U.S.C. § 1692e(2) (internal subdivisions omitted); "[t]he threat to take any action that cannot be legally taken or that is not intended to be taken," *id.* § 1692e(5); or "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).  Similarly, § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," *id.* § 1692f(1).

While Hawksley brings FDCPA claims "under both the false-or-misleading-representations section, § 1692e, and the unfair-practices section, § 1692f, . . . both sets of [Hawksley's] claims reflect the same basic allegation[s]."  *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 713 (6th Cir. 2015).  By filing the notice of judgment lien before filing a bill of costs, Hawksley says, WWR misrepresented the amount of Hawksley's debt and attempted to collect an amount to which it was not entitled.  Furthermore, Hawksley contends that the $13.00 lien recording fee is not properly

6

taxable as a cost under Kentucky law. Therefore, by filing a judgment lien including the recording fee as a cost, WWR again stated and attempted to collect an unrecoverable debt. Whether, as a matter of law, these two actions constitute FDCPA violations are separate and distinct questions, and the Court's analysis is guided by a trio of recent Sixth Circuit cases.

A. *Currier v. First Resolution Investment Corp.*

In May 2012, debt collector First Resolution filed suit in state court against Roslyn Currier to collect a charged-off credit card debt. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 532 (6th Cir. 2014).[1] The state court issued a default judgment against Currier on October 1, 2012, but Currier filed a motion to vacate the default judgment on October 5. *Id.* Under Kentucky law, a motion to vacate a judgment stays the judgment's finality. *Id.* (citing *Gullion v. Gullion*, 163 S.W.3d 888, 891 (Ky. 2005)). Nevertheless, on October 8, First Resolution filed a judgment lien against Currier's home – a lien that was invalid under Kentucky law. *Id.* (citing KRS § 426.720(1); *Laferty v. Wickes Lumber Co.*, 708 S.W.2d 107, 109 (Ky. Ct. App. 1986)). Furthermore, once the state court vacated its default judgment on October 29, First Resolution took until November 5 to release the invalid lien. *Id.* Currier filed suit against First Resolution in the Eastern District of Kentucky, alleging that the lien violated FDCPA §§ 1692e and 1692f. *Id.* at 532-33. The district court dismissed Currier's complaint, "[f]inding that a violation of state law is not a per se violation of the FDCPA." *Id.* at 533.

---

[1] The Court notes that James Lawson, counsel of record for Hawskley in this case, was also plaintiff's counsel in *Currier* and in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443 (6th Cir. 2014), discussed below.

7

The Sixth Circuit reversed, holding that "filing and failing to release an invalid judgment lien against a debtor's home while the related state court collection action remains pending falls within the broad scope of practices prohibited by the FDCPA." *Id.* at 532. In so holding, the court concluded that "filing and maintaining an invalid lien for a month" could constitute both "an unfair debt collection practice under the broad meaning of § 1692f" and "a threat to take action that cannot be legally taken within the meaning of § 1692e(5)." *Id.* at 535. The Sixth Circuit pointed out that First Resolution's "conduct was not a mere technical violation of Kentucky law." *Id.* at 534. Rather, "[t]he judgment lien placed an improper legal burden on Currier's home, restricting her rights in her own property until First Resolution decided to release the lien." *Id. Currier* thus stands for the proposition that "[e]ncumbering a debtor's home while the debtor pursues her legal rights to challenge the debt" violates the FDCPA. *Id.* at 535.

B. *Stratton v. Portfolio Recovery Associates*

The second relevant case, *Stratton v. Portfolio Recovery Associates, LLC*, arose from a debt collector's attempt to collect statutory interest from a debtor. 770 F.3d 443 (6th Cir. 2014). Prior to selling Dede Stratton's charged-off credit card account, GE Money Bank stopped charging contractual interest on Stratton's debt. *Id.* at 445. PRA, a debt buyer, purchased Stratton's charged-off debt and attempted to collect the debt via a state court lawsuit. *Id.* at 445-46. PRA's complaint alleged that Stratton owed the principal amount of the debt, plus 8% statutory interest. *Id.* at 446. Stated otherwise, PRA sought to collect statutory

8

interest during the period in which its predecessor, GE Money Bank, had already waived its 21.99% contractual interest.  *Id.*  Stratton then filed a FDCPA complaint in federal court, alleging that PRA's attempt to collect statutory interest violated §§ 1692e and 1692f.  *Id.*  As in *Currier*, the Eastern District of Kentucky held that Stratton's complaint failed to state any FDCPA violations.  *Id.*

Again, the Sixth Circuit disagreed.  The court interpreted Kentucky usury law and found that GE's waiver of its right to collect contractual interest did not "resurrect . . . [GE's] foregone right to statutory interest."  *Id*. at 447.  Because PRA, GE's successor in interest, could acquire no greater rights than what GE possessed, PRA did not have the legal right to collect 8% interest at the time it filed its state court complaint.  *Id*. at 448 (citing *Whayne Supply Co. v. Morgan Constr. Co.*, 440 S.W.2d 779, 782-83 (Ky. 1969)).  Pointing out that "the FDCPA 'applies to the litigating activities of lawyers,'" *id*. at 449 (quoting *Heintz v. Jenkins*, 514 U.S. 291, 291 (1995)), the court held that "because PRA does not have the right to collect interest on Stratton's debt, PRA's allegation to the contrary" could violate §§ 1692e and 1692f.  *Id*. at 451.  Under the Sixth Circuit's interpretation of those statutes, then, "[b]y alleging in a complaint that a consumer owes interest that had in fact been waived," a debt collector runs afoul of the FDCPA.  *Id*. at 451.

## C. *Wise v. Zwicker & Associates*

The final case, *Wise v. Zwicker & Associates, P.C.*, arose from a debt collector's attempt to collect attorney's fees from a debtor.  780 F.3d 710, 712 (6th Cir. 2015), *cert. denied* ___ U.S. ___, 136 S.Ct. 793 (2016).  Dawson Wise, an Ohio

resident, defaulted on his credit card account with American Express. *Id.* The cardholder agreement governing his account included a choice-of-law provision favoring Utah, the state in which American Express was located. *Id.* The agreement also stated that, in the event of default, Wise was required to pay American Express' attorney's fees. *Id.* After Wise defaulted, American Express retained Zwicker & Associates, a law firm, to collect the debt. *Id.* The firm filed suit on American Express' behalf in Ohio state court, claiming breach of contract and unjust enrichment, and seeking to recover attorney's fees. *Id.* However, "Ohio law bars contracts that would require payment of attorney's fees on the collection of consumer debt." *Id.* Wise filed a putative class action in the Northern District of Ohio, claiming that "[Zwicker's] demands for fees, both prior to and during litigation, violated the federal FDCPA." *Id.* The district court granted Zwicker's motion for judgment on the pleadings, holding that "Utah law governed and allowed for the collection of attorney's fees, [and] that there was therefore no violation of the FDCPA." *Id.*

The Sixth Circuit reversed, holding that the information contained in the pleadings was insufficient to "resolve the question of which law would govern the attorney's-fee question." *Id.* at 711-12. In reaching that conclusion, the court recognized that "a plaintiff does not need to prove knowledge or intent to establish liability" under the FDCPA. *Id.* at 713. Rather, "if a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the Act, even if there was no clear prior judicial statement that it was not entitled to collect the

fees." *Id.* at 713 (citing *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 450-51 (6th Cir. 2014)).   Thus, if Ohio law applied to Wise's case, "defendants' demands for fees during and outside litigation would therefore be misleading" under the FDCPA.   *Id.* at 714.   However, after a lengthy choice-of-law analysis, the court determined that "[t]he pleadings do not provide sufficient facts to make a determination" as to whether Utah or Ohio law should govern the fee-shifting provision, and remanded the case to the district court for further fact-finding.   *Id.* at 718-19.

### D. Hawksley's Claims

The above cases show that if WWR's judgment lien against Hawksley was invalid at the time it was filed, WWR may be liable to him under the FDCPA. *Currier* demonstrates that the filing of an invalid judgment lien can give rise to FDCPA liability, while *Stratton* and *Wise* both show that attempting to collect unrecoverable sums, including interest and attorney's fees, also violates the FDCPA.   *Wise v. Zwicker & Associates, P.C.*, 780 F.3d 710, 713 (6th Cir. 2015); *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 451 (6th Cir. 2014); *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 532 (6th Cir. 2014).   Taken together, the implication for Hawksley and WWR is clear: if WWR asserted in its judgment lien that it was entitled to collect an amount from Hawksley that it could not actually recover, then WWR may have violated the FDCPA.   Hawksley asserts that WWR is liable under the FDCPA in two ways.   The Court will address each in turn.

11

First, Hawksley claims that WWR violated various FDCPA provisions by filing a judgment lien that included costs when WWR had not first filed a bill of costs, as it was required to do under Kentucky law.   In Kentucky, "[t]he successful party in any action shall recover his costs, unless otherwise provided by law."   KRS § 453.040(1)(a).   Kentucky Rule of Civil Procedure (CR) 54.04 defines the proper procedure parties must follow to recover their costs in the Commonwealth's courts:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party.   If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

CR 54.04(2).   Here, the facts as alleged by Hawksley establish that, at least initially, WWR did not follow the proper procedure to recover its costs.   Instead, once it obtained a judgment against Hawksley entitling it to collect "its court costs incurred," [DN 1-1 at 2], WWR proceeded directly to the Bullitt County Clerk's office with its judgment lien, *see* [DN 1-2].

Few Kentucky cases address what consequences, if any, follow from a prevailing party's violation of CR 54.04(2).   The nearest case on point is *Stewart v. Murphy*, Nos. 2004-CA-000166-MR, 2004-CA-000302-MR, 2005 WL 736624 (Ky. Ct. App. Apr. 1, 2005).   There, the Kentucky Court of Appeals considered a case where

the prevailing party failed to serve the losing party with an itemized bill of costs, as CR 54.04 requires.  *Id.* at *3.  The court held that because the prevailing party did not follow the proper procedure, the trial court's award of costs was premature.  *Id.* As a remedy, the court "vacate[d] the judgment as it relates to costs and remand[ed] for compliance with CR 54.04."  *Id.*  *See also Ferrell v. Rudd*, No. 2005-CA-000530, 2006 WL 305924, at *1 (Ky. Ct. App. Feb. 10, 2006) (when trial court's award of costs is premature, remedy is to vacate that portion of the judgment and remand for compliance with CR 54.04).  Kentucky law suggests, then, that a party who fails to strictly comply with CR 54.04(2) does not forfeit its right to ultimately collect costs. Rather, when a procedural objection is raised by the losing party, the prevailing party must simply return to square one by serving its itemized bill of costs and otherwise complying with CR 54.04(2).

Hawksley's first theory presents a close question.   On one hand, when a debt collector asserts in a judgment lien that it is entitled to collect a certain amount, and that assertion turns out to be false, the debt collector may be liable under FDCPA §§ 1692e and 1692f.  *Wise*, 780 F.3d at 713.   WWR did not comply with CR 54.04(2), and therefore, when it filed its judgment lien, Kentucky law did not permit WWR to collect its costs – at least not yet.   On the other hand, once WWR obtained summary judgment against Hawksley, Kentucky law and the trial court's judgment entitled WWR to recover its court costs.  *See* KRS § 453.040(1)(a); [DN 1-1 at 2]. Although neither WWR nor the trial court followed the proper procedure under CR 54.04, WWR never lost its right to ultimately collect its costs from Hawksley.

13

At the motion to dismiss stage, the Court's role is not to determine whether Hawksley has actually established FDCPA liability against WWR.  Rather, the proper inquiry is whether Hawksley *can* establish liability, taking as true his well-pleaded factual allegations.  Drawing all reasonable inferences in Hawksley's favor, his complaint "allows the [C]ourt to draw the reasonable inference" that WWR is liable to him under the FDCPA.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  As alleged by Hawksley, WWR filed its judgment lien without first serving an itemized bill of costs.  But to recover its costs under Kentucky law, WWR was required to follow the procedure set out in CR 54.04(2).  Hawksley asserts that, at least initially, WWR did not follow that procedure.  Thus, WWR's attempt to collect its costs via its judgment lien was premature.  Based upon the above-cited Sixth Circuit cases, such conduct could constitute violations of FDCPA §§ 1692e and 1692f.  Hawksley's first theory of FDCPA liability may proceed.

Likewise, Hawksley may also recover upon his second theory.  Even if the bill of costs had been properly served, he claims, the $13.00 lien recording fee included in those costs is not recoverable.  This appears to be a novel question of Kentucky law, and neither the Court nor the parties are aware of any Kentucky case passing upon the issue.  On this point, WWR's defense is a simple one.  WWR claims that "it was impossible for WWR to know the $13.00 [fee] was not a recoverable cost in October 2015 when it filed the judgment lien, because the court order that deemed it as not recoverable was not issued until November 2015."  [DN

14

8-1 at 5.]   Put another way, "WWR could not have known at the time it filed the lien that it had 'no legal right' to recover the filing fee as costs," and therefore, its judgment lien was not invalid for FDCPA purposes.   *See* [*id.* at 8.]   At least at the motion to dismiss stage, WWR's argument misses the mark.   As the Sixth Circuit recognized in *Stratton*, "[t]he FDCPA is a strict-liability statute: A plaintiff does not need to prove knowledge or intent" to prevail.   *Stratton*, 770 F.3d at 448-49 (citing *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011)).   Moreover, 'if a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the Act, even if there was no clear prior judicial statement that it was not entitled to collect the fees."   *Wise*, 780 F.3d at 713 (citing *Stratton*, 770 F.3d at 450-51).   Thus, WWR's subjective knowledge or belief regarding the lien recording fee's recoverability is irrelevant in determining whether Hawksley has plausibly alleged a violation of the FDCPA.

WWR's knowledge might be relevant, however, in determining whether WWR may avail itself of the bona fide error defense, 15 U.S.C. § 1692k(c).   Under the FDCPA, no debt collector may be held liable if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."   *Id.*   The Supreme Court held in *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich L.P.A.* that mistakes of law regarding the FDCPA itself do not fall within the scope of the bona fide error defense, but the Court declined to address whether mistakes of state law would qualify.   559 U.S. 572, 604-05 (2010); *id.* at

15

580 n.4.   Following *Jerman*, several courts have held that the bona fide error defense does not extend to mistakes of state law.   *See, e.g.*, *Harden v. Autovest, L.C.C.*, File No. 1:15-cv-34, 2016 WL 6997905, at *2 (W.D. Mich. Nov. 30, 2016).   Yet others, including this Court's sister court, have concluded that the defense does apply to such mistakes.   *Stratton v. Portfolio Recovery Assoc., LLC*, 171 F. Supp. 3d 585, 603 (E.D. Ky. 2016), *appeal docketed* No. 16-5468 (6th Cir. Apr. 15, 2016)[2]; *see also Newton v. Portfolio Recover Assocs., LLC*, No. 2:12-cv-698, 2014 WL 340414, at *6 (S.D. Ohio Jan. 30, 2014).   At this stage of the case, the Court need not take a side on this issue, because bona fide error under § 1692k is an affirmative defense that WWR may assert in its answer.

In sum, Hawksley's FDCPA claims may go forward.   Taking his factual allegations as true, Hawksley has plausibly alleged that WWR violated the FDCPA by attempting to collect the $13.00 lien recording fee, and by filing a judgment lien before serving upon him an itemized bill of costs.   The facts of this case appear to be largely undisputed, and its outcome will likely turn on questions of law, not fact. Nevertheless, the parties should be afforded an opportunity for further pleading and any necessary discovery before those ultimate issues are placed before the Court.

---

[2] Indeed, this precise issue appears to be squarely before the Sixth Circuit in the *Stratton* appeal.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Plaintiff's motions for leave to file supplemental authority [DN 20; DN 22] are GRANTED.   Defendant's motion to dismiss [DN 8] is DENIED.

CC: Counsel of Record